IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RINA CAPPER and                              :
RICHARD CAPPER, w/h                          :       Civil Action No.
                                             :
              *Plaintiffs,*                   :
     v.                                      :
                                             :
STATE FARM MUTUAL AUTOMOBILE :               **ARBITRATION PROGRAM**
INSURANCE COMPANY                            :
                                             :
              *Defendant*.                    :
                                             :

## CIVIL ACTION COMPLAINT

### I.  PARTIES

1.     Plaintiffs, Rina Capper and Richard Capper, w/h, are adult individuals and citizens of the Commonwealth of Pennsylvania, residing therein at 680 North Limekiln Pike, Chalfont, PA 18914.

2.     Defendant, State Farm Mutual Automobile Insurance Company ("Defendant State Farm"), was and is now a business entity, duly organized and existing under the laws of the State of Illinois and authorized to conduct business and issue policies of insurance in the Commonwealth of Pennsylvania, with its corporate headquarters and principal place of business located therein at 1 State Farm Plaza, Bloomington, IL 61701.

### II.  JURISDICTION AND VENUE

3.     Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

4.     The amount in controversy in this action is in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs and fees.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the policy giving rise to Plaintiffs' claims was issued in the District, because a substantial part of the events or omissions giving rise to the within claims occurred within the District and because Defendant regularly conducts business within the District.

### III.   STATEMENT OF CLAIMS

6.     At all times material herein, the Defendant acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of the Defendant.

7.     At all times material hereto, Plaintiff Rina Capper was insured by Defendant State Farm Mutual Automobile Insurance Company under a policy of automobile insurance which provided for underinsured motorist benefits, policy number 511 4502-E10-38H.  A copy of the Declaration Pages for policy number 511 4502-E10-38H covering the date of the accident at issue in this matter is attached as Exhibit "A" and incorporated by reference.

8.     On or about June 16, 2023, while the aforementioned policy was in full force and effect, Plaintiff, Rina Capper, was operating a certain 2019 Toyota 4Runner motor vehicle, with VIN: JTEBU5JR8K5694381, which was lawfully traveling northbound on North Limekiln Pike (SR 0152) at its intersection with Creek Road in New Britain Township, Chalfont, Pennsylvania, when, suddenly and without warning, a certain silver 2013 Hyundai Elantra motor vehicle, with VIN: 5NPDH4AE8DH412770,  operated by Sharmaine Niemi Bartley, attempted to pull in front of Plaintiff's vehicle without adequate clearance or the right-of-way, thereby striking Plaintiff's vehicle with such force so as to cause Plaintiff to sustain severe and permanent injuries as described more fully hereinafter.

9.    At the time of the aforementioned accident, the motor vehicle operated by Sharmaine Niemi Bartley was insured under a policy of automobile insurance issued by State Farm.

10.    The aforementioned accident was caused solely by the negligence and carelessness of Sharmaine Niemi Bartley and was not the result of the actions or inactions of Plaintiff Rina Capper.

11.    By reason of the aforesaid negligence and carelessness of Sharmaine Niemi Bartley, Plaintiff Rina Capper suffered severe and permanent injuries, including, but not limited to: concussion; multilevel cervical disc herniations (C3-C7); cervical disc displacement; cervical radiculopathy; cervical radiculitis, bilateral; bilateral forearm and hand paresthesias and pain; paresthesia of upper extremity; paresthesia of skin; numbness/tingling in both arms/hands; posttraumatic bilateral carpal tunnel syndrome; bilateral occipital neuralgia with associated cervicogenic headaches; cervical sprain/strain; thoracic sprain/strain; musculoligamentous strain and sprain injuries to the cervical and dorsal spines; segmental dysfunction of the cervical spine; sprain of carpal joint of right wrist; cervicalgia; sleep disturbance from associated pain; as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.  Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great loss and detriment.

12.    As a further result of the accident, Plaintiff Rina Capper has or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

13. As a further result of the accident, Plaintiff Rina Capper has or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period of time in the future.

14. As a direct and reasonable result of the accident aforementioned, Plaintiff Rina Capper may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 et seq., as amended, for which she claims damages herein.

15. Further, by reason of the aforesaid accident, Plaintiff Rina Capper has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

16. As a further result of the accident, Plaintiff Rina Capper has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

17. As a further result of the accident, Plaintiff Richard Capper has suffered the loss of earnings, society, consortium and services of his wife, to which he is legally entitled, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries his wife has suffered, and may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time.

18. Plaintiff Rina Capper settled her underlying claim against Sharmaine Niemi Bartley for nearly the full amount of the applicable State Farm policy limits. The consent to settle is attached as Exhibit "B".

19.    Notice of the aforesaid covered loss and Plaintiff's intent to pursue benefits was provided to the Defendant, State Farm Mutual Automobile Insurance Company in a prompt and timely manner by Plaintiff and, at all times relevant hereto, Plaintiff fully complied with all of the terms and conditions required by the policy.  A copy of Plaintiff's October 28, 2025 demand letter is attached as Exhibit "C".

20.    Plaintiff demands underinsured motorist benefits in the amount of the policy limits.

21.    Defendant State Farm, despite Plaintiff's October 28, 2025 demand for underinsured motorist benefits under the Policy and submission of Plaintiff's medical specials – the same documentation which supported State Farm's tender of nearly the full limits of its policy, has refused, without legal justification or cause, and continues to refuse, to pay to the Plaintiff monies owed for the injuries suffered as a result of the aforesaid loss.  See Exhibit "C".

22.    As a result of Defendant, State Farm Mutual Automobile Insurance Company's failure and refusal to pay reasonable benefits to the Plaintiffs as required under the Policy, Plaintiffs have suffered losses and damages.

**COUNT I**
**RINA CAPPER v.**
**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**
**BREACH OF CONTRACT**

23.    Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-two (22) of the within Complaint, as though the same were fully set forth at length herein.

24.    Defendant State Farm has failed to promptly offer payment of the reasonable and fair value of the claim for underinsured motorist benefits for bodily injury to Plaintiff.

25.    Defendant has failed to reasonably investigate Plaintiff's claim such that a thorough and proper inquiry would have revealed that Plaintiff suffered serious and permanent injuries caused by the aforementioned accident described in this Complaint.

26.    Defendant owes Plaintiff a contractual and statutory obligation to investigate, evaluate and negotiate Plaintiff's underinsured motorist claim in good faith and to arrive at a prompt and fair and equitable settlement.

27.    For the reasons set forth above, Defendant has violated its obligations under the policy of insurance.

28.    Defendant owes Plaintiff the policy limit in underinsured motorist benefits for bodily injury pursuant to the terms of the insurance policy which is the subject of this case and known to Defendant.

29.    Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's aforesaid loss, the Defendant has not paid to Plaintiff all of the policy benefits to which she is entitled under the policy.

30.    Defendant's denial of coverage was made without a reasonable basis in fact.

31.    Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

WHEREFORE, Plaintiff, Rina Capper, demands that the Court enter judgment in favor of Plaintiff and against Defendant, State Farm Mutual Automobile Insurance Company, in an amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

**COUNT II**
**RINA CAPPER v.**
**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**
**BAD FAITH – 42 PA. C.S.A. §8371**

32.    Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-one (31) of the within Complaint as though the same were fully set forth at length herein.

33.     Defendant has engaged in bad faith toward the Plaintiff with respect to its adjustment of Plaintiff's aforesaid covered loss, in violation of 42 Pa. C.S.A. §8371, et seq.

34.     In furtherance of its bad faith and wrongful refusal to pay the full policy limits for Plaintiff's covered loss, the Defendant, acting by and through its duly authorized agents, servants, workmen and/or employees, has engaged in the following conduct:

(a)     failing to evaluate Plaintiff's claim objectively and fairly;

(b)     failing to complete a prompt and thorough investigation of Plaintiff's claim;

(c)     failing to pay Plaintiff's covered loss in a prompt and timely manner;

(d)     conducting an unfair and unreasonable investigation of Plaintiff's claim;

(e)     failing to reasonably and adequately evaluate or review the medical documentation in Defendant's possession;

(f)     failing to keep the Plaintiff or her representatives fairly and adequately advised as to the status of the claim;

(g)     unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or her representatives;

(h)     failing to make a reasonable settlement offer to Plaintiff;

(i)     unreasonably withholding policy benefits;

(j)     acting unreasonably and unfairly in response to Plaintiff's claim; and

(k)     unnecessarily and unreasonably compelling Plaintiff to initiate this lawsuit to obtain policy benefits for a covered loss that Defendant should have paid promptly and without the necessity of litigation.

35.     For the reasons set forth above, the Defendant has acted in bad faith in violation of 42 Pa. C.S.A. §8371, for which the Defendant is liable for statutory damages including interest

from the date the claim was made in an amount equal to the prime rate of interest plus three percent, court costs, attorneys' fees, punitive damages and such other compensatory and/or consequential and incidental damages as permitted by law.

WHEREFORE, Plaintiff Rina Capper demands that the Court enter judgment in favor of Plaintiff and against Defendant State Farm Mutual Automobile Insurance Company, and award compensatory and punitive damages in an amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs and attorneys' fees as may be adequate, just and proper.

**COUNT III**
**RICHARD CAPPER v.**
**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**
**BREACH OF CONTRACT - LOSS OF CONSORTIUM**

36.     Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-five (35) of the within Complaint as though the same were fully set forth at length herein.

37.     Defendant, State Farm has failed to promptly offer payment of the reasonable and fair value of the claim for underinsured motorist benefits for Plaintiff's loss of consortium.

38.     Defendant has failed to reasonably investigate Plaintiff's claim for loss of consortium such that a thorough and proper inquiry would have revealed that Plaintiff suffered a significant loss caused by the aforementioned accident described in this Complaint.

39.     Defendant, State Farm owes Plaintiff a contractual and statutory obligation to investigate, evaluate and negotiate Plaintiff's underinsured motorist claim in good faith and to arrive at a prompt and fair and equitable settlement.

40.     For the reasons set forth above, Defendant, State Farm Mutual Automobile Insurance Company has violated its obligations under the policy of insurance.

41.    Defendant, State Farm owes Plaintiff the policy limit in underinsured motorist benefits for loss of consortium pursuant to the terms of the insurance policy which is the subject of this case and known to Defendant.

42.    Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's aforesaid loss, the Defendant has not paid to Plaintiff all of the policy benefits to which he is entitled under the policy.

43.    Defendant's denial of coverage was made without a reasonable basis in fact.

44.    Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

WHEREFORE, Plaintiff, Richard Capper, demands that the Court enter judgment in favor of Plaintiff and against Defendant, State Farm Mutual Automobile Insurance Company, in an amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

Respectfully submitted,

**SWARTZ CULLETON FERRIS TRIAL LAWYERS**

By:    */s/Maria K. McGinty-Ferris*
Maria K. McGinty-Ferris, Esquire
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorney for Plaintiffs,
Rina Capper and
Richard Capper, w/h

Date: March 18, 2026

# EXHIBIT A

**State Farm Mutual Automobile Insurance Company**
*PO Box 2358*
*Bloomington IL 61702-2358*

87729-2-P          MUTL  VOL

## DECLARATIONS PAGE

NAIC#    25178          **PAGE 1 OF 2**

| POLICY NUMBER | 511 4502-E10-38H |
|---|---|
| POLICY PERIOD 12:01 A.M. Standard Time | SEP 13 2022 to NOV 10 2022 |

NAMED INSURED

AT2
         004809 0058          38-8749-2 P      A
CAPPER, RICHARD M JR
680 N LIMEKILN PIKE
CHALFONT PA  18914-1505



STATE FARM PAYMENT PLAN NUMBER
 1303360913

AGENT

ANDREW VITELLA
233 YORK RD
WARMINSTER, PA 18974-4515

PHONE: (215)674-3116  or  (215)674-3092

ST-6
0104-0102

**DO NOT PAY PREMIUMS SHOWN ON THIS PAGE.**
**IF AN AMOUNT IS DUE, THEN A SEPARATE STATEMENT IS ENCLOSE D.**

### YOUR CAR

| VEHICLE | YEAR | MAKE | MODEL | BODY STYLE | VEHICLE ID. NUMBER | CLASS |
|---|---|---|---|---|---|---|
| 1 | 2019 | TOYOTA | 4 RUNNER | SPORT WG | JTEBU5JR8K5694381 | 603H60H000 |
| 2 | 2003 | CHEVROLET | TAHOE | SPORT WG | 1GNEK13Z53R303105 | 603H60H000 |
| 3 | 2010 | JEEP | PATRIOT | SPORT WG | 1J4NT2GB3AD528684 | 603H10H000 |

| SYMBOLS | COVERAGE & LIMITS | PREMIUMS | | |
|---|---|---|---|---|
| | | 2019 TOYOTA | 2003 CHEVROLET | 2010 JEEP |
| A | Liability Coverage | $52.23 | $59.24 | $93.32 |
| | Bodily Injury Limits | | | |
| | Each Person,  Each Accident | | | |
| | $100,000       $300,000 | | | |
| | Property Damage Limit | | | |
| | Each Accident | | | |
| | $50,000 | | | |
| C2 | Medical Payments Coverage | $5.21 | $6.33 | $10.03 |
| | Limit - Each Person | | | |
| | $5,000 | | | |
| D | Comprehensive Coverage - $500 Deductible | $21.06 | $21.04 | $17.79 |
| G | Collision Coverage - $500 Deductible | $63.24 | $49.09 | $49.39 |
| H | Emergency Road Service Coverage | | $1.24 | |
| U3 | Uninsured Motor Vehicle Coverage | $.88 | $.88 | $.88 |
| | Bodily Injury Limits | | | |
| | Each Person,  Each Accident | | | |
| | $100,000       $300,000 | | | |
| W3 | Underinsured Motor Vehicle Coverage | $6.32 | $6.32 | $6.32 |
| | Bodily Injury Limits | | | |
| | Each Person,  Each Accident | | | |
| | $100,000       $300,000 | | | |
| | **Total Premium Per Vehicle** | $148.94 | $144.14 | $177.73 |

**Total premium for SEP 13 2022 to NOV 10 2022.**          This is not a bill.

### IMPORTANT MESSAGES

Replaced policy number 5114502-38G.

**Your total renewal premium for MAY 10 2022 to NOV 10 2022 is $1,485.24.**
Vehicle 1 $469.84, Vehicle 2 $454.72, Vehicle 3 $560.68.

State Farm works hard to offer you the best combination of price, service, and protection.    The amount you pay for automobile insurance is determined by many factors such as the coverages you have, where you live, the kind of car you drive, how your car is used, who drives the car, and information from consumer reports.

You have the right to request, no more than once during a 12-month period, that your policy be re-rated using a current credit-based insurance score. The resulting impact due to the credit portion of the re-rated insurance score will not increase your premium; however, your overall premium may decrease, remain the same, or increase due to other factors impacting your total premium.

CONTINUED

See Reverse Side

12896/04670
120333.4  12-24-2014  (o1a025ie)
I1MX0N      (o1a025se)

This policy is issued by State Farm Mutual Automobile Insurance Company.

## MUTUAL CONDITIONS

1. **Membership.** While this policy is in force, the first insured shown on the Declarations Page is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is non-assessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

Secretary

President

B10

**State Farm Mutual Automobile Insurance Company**
*PO Box 2358*
*Bloomington IL 61702-2358*

87729-2-P          MUTL  VOL

**DECLARATIONS PAGE**

NAIC#     25178                    **PAGE 2 OF 2**

| | |
|---|---|
| POLICY NUMBER | 511 4502-E10-38H |
| POLICY PERIOD<br>12:01 A.M. Standard Time | SEP 13 2022 to NOV 10 2022 |

NAMED INSURED   004809  0058          38-8749-2  P      A

CAPPER, RICHARD M JR
680 N LIMEKILN PIKE
CHALFONT PA  18914-1505

STATE FARM PAYMENT PLAN NUMBER
1303360913

ST-6
0204-0102

**EXCEPTIONS, POLICY BOOKLET & ENDORSEMENTS (See policy booklet & individual endorsements for coverage details.)**

```
YOUR POLICY CONSISTS OF THIS DECLARATIONS PAGE. THE POLICY BOOKLET =
FORM 9838A. AND ANY ENDORSEMENTS THAT APPLY. INCLUDING THOSE ISSUED TO YOU
WITH ANY SUBSEQUENT RENEWAL NOTICE.
CREDITOR= CAR 1 POLICE AND FIRE FEDERAL CREDIT UNION. 3325 STREET RD.
BENSALEM PA 19020-2021.
CAR 1.2.3
6126LN     AMENDATORY ENDORSEMENT.
6126MT     AMENDATORY ENDORSEMENT.
6126MV     AMENDATORY ENDORSEMENT.
6128DM     AMENDATORY ENDORSEMENT.
6938A.1    AMENDATORY ENDORSEMENT.
THIS POLICY PROVIDES LIMITED TORT OPTION.
```

Agent:       ANDREW VITELLA

Telephone:  (215)674-3116

Prepared     SEP 27 2022          8749-BB5

12897/04670
120333.4  12-24-2014  (o1a025ie)          (o1a0254c)
I3MX0       (o1a025vd)

This policy is issued by State Farm Mutual Automobile Insurance Company.

## MUTUAL CONDITIONS

1. **Membership.** While this policy is in force, the first insured shown on the Declarations Page is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is non-assessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

Secretary

President

B10

Case 2:20-cv-10417-TJH-DUTY YOUR DOCUMENT BOOK Filed 03/18/20 Page 15 of 22 Page 1 of 22

Policy Number: 511 4502-E10-38H

## 6126LN AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **THIS POLICY**

   The following is added (this replaces item 1. of endorsement 6938A.1):

   5. *Your* purchase of this policy may allow:

      a. *you* to purchase or obtain certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other products from the **State Farm Companies**, subject to their applicable eligibility rules; or

      b. the premium or price for other: (1) insurance; (2) financial; (3) vehicle; (4) home; (5) electronic; or (6) travel products or services purchased by *you*, including non-insurance products or services, to vary. Such other products or services must be provided by the **State Farm Companies** or by an organization that has entered into an agreement or contract with the **State Farm Companies**. The **State Farm Companies** do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization.

2. **LIABILITY COVERAGE**

   **Insuring Agreement** and **Supplementary Payments** are replaced by the following:

   **Insuring Agreement**

   1. *We* will pay damages an *insured* becomes legally liable to pay because of:

      a. *bodily injury* to others; and

      b. damage to property

caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy.

   2. *We* have the right to:

      a. investigate, negotiate, and settle any claim or lawsuit;

      b. defend an *insured* in any claim or lawsuit, with attorneys chosen by *us*; and

      c. appeal any award or legal decision for damages payable under this policy's Liability Coverage.

   **Supplementary Payments**

   *We* will pay, in addition to the damages described in the **Insuring Agreement** of this policy's Liability Coverage, those items listed below that result from such accident:

   1. Attorney fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages. *We* have no duty to pay attorney fees incurred after *we* deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;

   2. Court costs awarded by the court against an *insured* and resulting from that part of the lawsuit:

      a. that seeks damages payable under this policy's Liability Coverage; and

      b. against which *we* defend an *insured* with attorneys chosen by *us*.

   *We* have no duty to pay court costs incurred after *we* deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;

©, Copyright, State Farm Mutual Automobile Insurance Company, 2011

3. Interest the *insured* is legally liable to pay on damages payable under the **Insuring Agreement** of this policy's Liability Coverage:

   a. before a judgment, but only the interest on the lesser of:

      (1) that part of the damages *we* pay; or

      (2) this policy's applicable Liability Coverage limit; and

   b. after a judgment.

   *We* have no duty to pay interest that accrues after *we* deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage. *We* also have no duty to pay interest that accrues on any damages paid or payable by a party other than the *insured* or *us*;

4. Premiums for bonds, provided by a company chosen by *us*, required to appeal a decision in a lawsuit against an *insured*. *We* have no duty to:

   a. pay for any bond with a face amount that exceeds this policy's applicable Liability Coverage limit;

   b. furnish or apply for any bonds; or

   c. pay premiums for bonds purchased after *we* deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage; and

5. The following costs and expenses if related to and incurred after a lawsuit has been filed against an *insured*:

   a. Loss of wages or salary, but not other income, up to $200 for each day an *insured* attends, at *our* request: (1) an arbitration; (2) a mediation; or (3) a trial of a lawsuit; and

   b. Reasonable expenses incurred by an *insured* at *our* request other than

loss of wages, salary, or other income.

The amount of any of the costs or expenses listed above that are incurred by an *insured* must be reported to *us* before *we* will pay such incurred costs or expenses.

3. **GENERAL TERMS**

   a. The following is added to 2. **Where Coverage Applies**:

      Death, Dismemberment and Loss of Sight Coverage applies worldwide.

   b. The following is added (this replaces item 5.a. of endorsement 6939A.1):

      **Limited Coverage in Mexico**

      This policy does not provide Mexican auto insurance and does not comply with Mexican auto insurance requirements. If *you* or any other *insured* plan to drive in Mexico, then auto insurance providing coverage in Mexico should be purchased from a Mexican insurance company.

      Subject to the above paragraph, the following coverages apply in Mexico, but only for accidents and *losses* that occur in Mexico within 50 miles of the United States of America border and only for *insureds* as defined under each of the following coverages:

      a. **Liability Coverage**

      b. **Medical Payments Coverage**; **Extraordinary Medical Payments Coverage**; **Loss of Income Coverage**; **Funeral Benefits Coverage**

      c. **Physical Damage Coverages**

      Any amount payable for the repair or replacement of the *covered vehicle* under this policy will be limited to the cost to repair or replace the *covered vehicle* in the United States of America.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2011

ST-6
0304-0102

12898/04670
ED1

All other policy provisions not in conflict with the provisions in this **Limited Coverage in Mexico** provision of this policy apply.

c. Item c. of 5. **Premium** is changed to read:

c. The premium for this policy may vary based upon:

(1) the purchase of other products or services from the *State Farm Companies*;

(2) the purchase of products or services from an organization that has entered into an agreement or contract with the *State Farm Companies*. The *State Farm Companies* do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization; or

(3) an agreement, concerning the insurance provided by this policy, that the *State Farm Companies* has with an organization of which *you* are a member, employee, subscriber, licensee, or franchisee.

## 6126MT AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

**THIS POLICY**

The following has been added to item 5.:

*Your* purchase of this policy may allow *you* to purchase an excess and surplus lines policy from the *State Farm Companies*, subject to applicable eligibility rules.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2011
6126LN

©, Copyright, State Farm Mutual Automobile Insurance Company, 2016
6126MT

12898/04670

Case 2:20-cv-04435-WB Document 69-7 Filed 03/18/22 Page 17 of 22

Policy Number: 5114502-E10-38H
Part 2 of 2 YOUR POLICY BOOKLET

## 6126MV AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **LIABILITY COVERAGE**

   **If Other Liability Coverage Applies**

   The following is added to item 2.:

   The Liability Coverage provided by this policy applies as primary coverage for the use of a motor vehicle loaned to *you* by a motor vehicle dealer while *your car* is being:

   1. transported;
   2. serviced;
   3. repaired; or
   4. inspected

   by that motor vehicle dealer. Such motor vehicle must be loaned to *you* without financial remuneration in the form of a fee, rental charge, or lease charge paid directly by *you*.

2. **PHYSICAL DAMAGE COVERAGES**

   **If Other Physical Damage Coverage or Similar Coverage Applies**

   The following is added to item 3.:

   The Comprehensive Coverage and the Collision Coverage provided by this policy apply as primary coverage for a *loss* to a motor vehicle loaned to *you* by a motor vehicle dealer while *your car* is being:

   1. transported;
   2. serviced;
   3. repaired; or
   4. inspected

   by that motor vehicle dealer. Such motor vehicle must be loaned to *you* without financial remuneration in the form of a fee, rental charge, or lease charge paid directly by *you*.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2016

ST-6
0404-0102

---

## 6938A.1 AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **THIS POLICY**

   The following is added:

   5. *Your* purchase of this policy may allow *you* to purchase certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other policies from the *State Farm Companies*, subject to their applicable eligibility rules.

2. **DEFINITIONS**

   a. *Serious injury* is changed by deleting item 1.e. and adding the following:

      4. An individual otherwise bound by the limited tort election shall retain full tort rights if injured while an occupant of a private passenger motor vehicle if that vehicle is described on a policy under which full tort rights were elected and that individual is:

         a. residing in the household of any individual identified by name as an insured under that policy; and

         b. either:

            (1) a spouse or other relative of any individual identified by name as an insured under that policy; or

            (2) a minor in the custody of either such named insured or relative of such named insured.

   b. *State Farm Companies* is changed to read:

      *State Farm Companies* means one or more of the following:

      1. State Farm Mutual Automobile Insurance Company;

      2. State Farm Fire and Casualty Company; and

      3. Subsidiaries or affiliates of either 1. or 2. above.

3. **LIABILITY COVERAGE**

   **Exclusions**

   a. Exclusion 2. is deleted.

   b. The exception to exclusion 8. is changed to read:

      This exclusion does not apply to:

      a. *you*;

      b. any *resident relative*; or

      c. any agent, employee, or business partner of a. or b. above

      while maintaining or using *your car*, a *newly acquired car*, a *temporary substitute car*, or a *trailer owned by you*;

   c. The exception to exclusion 11. is changed to read:

      This exclusion does not apply to damage to a:

      a. motor vehicle *owned by* the employer of *you* or any *resident relative* if such damage is caused by an *insured* while operating another motor vehicle;

©, Copyright, State Farm Mutual Automobile Insurance Company, 2008

12899/04670
ED1

Case 2:26-cv-01770 YOUR DOCUMENT BOOKLET Filed 03/18/26 Page 18 of 22

Policy Number: 51 4502-E10-38H

b. residence while rented to or leased to an *insured*; or

c. private garage while rented to or leased to an *insured*.

4. **UNINSURED MOTOR VEHICLE COVERAGES**

**Additional Definitions – Coverages U and U3**

Item 2. under "*Uninsured Motor Vehicle* means a land motor vehicle:" is changed to read:

2. the owner and driver of which remain unknown and which causes *bodily injury* to the *insured*.

5. **GENERAL TERMS**

a. The following is added to 2. **Where Coverage Applies**:

Liability Coverage, Medical Payments Coverage, Extraordinary Medical Payments Coverage, Loss of Income Coverage, Funeral Benefits Coverage, and Physical Damage Coverages also apply in Mexico within 50 miles of the United States of America border. A Physical Damage Coverage *loss* in Mexico is determined on the basis of cost at the nearest United States of America point.

Death, Dismemberment and Loss of Sight Coverage applies anywhere in the world.

b. The following is added to 4. **Changes to This Policy**:

d. **Change of Policy Address**

*We* may change the named insured's policy address as shown on the Declarations Page and in *our* records to the most recent address provided to *us* by:

(1) *you*; or

(2) the United States Postal Service.

c. 7. **Nonrenewal** is changed to read:

7. **Nonrenewal**

If *we* decide not to renew this policy:

a. because a named insured's driver's license or motor vehicle registration has been under suspension or revocation during the policy period, then at least 15 days before the end of the current policy period; or

b. for any other reason, then at least 60 days before the end of the current policy period

*we* will mail or deliver a nonrenewal notice to the most recent policy address that *we* have on record for the named insured who is shown on the Declarations Page. The mailing of the notice will be sufficient proof of notice.

d. The first sentence of b. **How and When We May Cancel** of 8. **Cancellation** is changed to read:

*We* may cancel this policy by mailing or delivering a written notice to the most recent policy address that *we* have on record for the named insured who is shown on the Declarations Page.

e. Item b. of 13. **Legal Action Against Us** is deleted.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2008
6938A.1

12899/04670

# EXHIBIT B

Providing Insurance and Financial Services
Home Office, Bloomington, IL



November 6, 2025

Swartz Cullenton
547 East Washington Avenue
Newtown PA 18940

**State Farm Claims**
PO Box 106171
Atlanta GA 30348-6171

RE:    Claim Number:        38-51J3-80S
       Date of Loss:        June 16, 2023
       Our Insured:         Richard M Capper
       Your Client(s):      Rina Capper

To Whom It May Concern:

State Farm will hereby grant consent to settle the third party claim and waive subrogation for the pending UIM claim associated to all applicable State Farm policies.

If you have questions or need assistance, call us at (844) 292-8615 Ext. 392.

Sincerely,

Kelly Kelly
Claim Specialist
610-361-5513

State Farm Mutual Automobile Insurance Company

# EXHIBIT C

# SWARTZ CULLETON FERRIS
## TRIAL LAWYERS

Christopher J. Culleton, Esquire*

Brandon A. Swartz, Esquire*

Bryan M. Ferris, Esquire*

Todd M. Felzer, Esquire*
Chairperson of the Workers
Compensation Department

Matthew E. Gallagher, Esquire

Larissa K. Staszkiw, Esquire

Maria K. McGinty-Ferris, Esquire

Anton R. Tupa, Esquire

Anthony Giannetti, Esquire

Adam Shorr, Esquire

Matthew J. McElvenny, Esquire

Natan M. Schwartz, Esquire

Devorah Peretz, Esquire

Thomas Cappello, Esquire

James L. Cartwright, Esquire

Caroline Fruchter, Esquire

Ethan B. Rodan, Esquire

*Partner

Please reply to:
547 E. Washington Avenue
Newtown, PA 18940

Phone: 215-550-6553
Fax: 215-550-6557

Website:
www.swartzculleton.com

Email:
cculleton@swartzculleton.com
bswartz@swartzculleton.com
bferris@swartzculleton.com
tfelzer@swartzculleton.com
mgallagher@swartzculleton.com
lstaszkiw@swartzculleton.com
mmcginty-ferris@swartzculleton.com
atupa@swartzculleton.com
agiannetti@swartzculleton.com
ashorr@swartzculleton.com
mmcelvenny@swartzculleton.com
nschwartz@swartzculleton.com
dperetz@swartzclleton.com
tcappello@swartzculleton.com
jcartwright@swartzculleton.com
cfruchter@swartzculleton.com
erodan@swartzculleton.com



October 28, 2025

**State Farm Insurance**
**Kelly Kelly**
**statefarmclaims@statefarm.com**
**(Demand Emailed)**

|     | RE: | | |
| --- | --- | --- | --- |
| | | **Our Client:** | **Rina Capper** |
| | | **Date of Loss:** | **6/16/23** |
| | | **Your Insured:** | **Rina Capper** |
| | | **Claim #:** | **38-51J3-80S** |

**Dear Ms. Tallman,**

Enclosed, please find plaintiff's specials package in this matter. As you know the third-party defendant has policy limits of **$50,000**. **Rina Capper's** damages far exceed those policy limits. This is to advise you that our client has authorized us to settle this claim in the amount of the underinsured policy limits.

This offer to settle in the amount of the policy limits will remain open for a period of thirty (30) days, or until **November 28, 2025**. Should you feel that this time is not reasonable for you to evaluate this case completely and fully to protect your insured by offering your policy limits, please contact us. Should this offer not be accepted by **November 28, 2025**, it is our intention to proceed to trial and obtain a verdict, plus delay damages, in excess of our policy limits demand. Any verdict that the jury renders will be entered against **State Farm Insurance.**

I look forward to hearing from you at your earliest convenience.

Very truly yours,

**SWARTZ CULLETON PC**

Brandon Swartz

BAS/tzw
Enclosures